Kim WALLACE, an infant by her Father and Natural Guardian, John WALLACE, Plaintiff-Appellant,

v.

TARGET STORES, INC., a Colorado corporation, Dayton Hudson Corporation, a Minnesota corporation, and Ajay Enterprises, Inc., a New York corporation, Defendants-Appellees.

No. 82CA1271.

Colorado Court of Appeals, Div. I.

May 16, 1985.

Holland & Hart, Gregory A. Eurich, William J. Baum, Jr., Alan B. Lilly, Denver, for plaintiff-appellant.

Hall & Evans, Carol M. Welch, Denver, for defendants-appellees Target Stores, Inc., and Dayton Hudson Corp.

Madden & Strate, P.C., William J. Madden, Trevor J. MacLennan, Wheatridge, for defendant-appellee Ajay Enterprises, Inc.

STERNBERG, Judge.

In an action to recover for injuries allegedly sustained from the use of a golf practice device, plaintiff sought recovery on theories of strict liability, negligence, and breach of warranty. From a judgment entered on a jury verdict in favor of defendants, plaintiff appeals. We affirm.

Target Stores, Inc., was sued as the alleged seller of the device, and Ajay Enterprises, was named as the alleged manufacturer. Among other defenses, the defendants asserted that they had not manufactured or sold the device. In support of this contention, they introduced an exhibit that showed the price lists, sales tallies, and correspondence between Ajay and Target regarding sales of Ajay products to Target.

On appeal, the plaintiff's sole contention is that the admission of this exhibit was error because a proper foundation had not been laid, it was not the regular practice of the business to prepare the documents, and it was used as negative hearsay. We disagree.

■ Under CRE 803(6), a memorandum report, record, or data compilation, timely made from information transmitted by a person with knowledge, if kept in the course of a regularly conducted business activity and as the regular practice of that business activity, as shown by the testimony of the custodian or other qualified witness, is admissible unless otherwise shown to be untrustworthy. *Palmer v. A.H. Robins Co.*, 684 P.2d 187 (Colo.1984); *Downing v. Overhead Door Corp.* (Colo.App. No. 83CA0171, May 2, 1985). Furthermore, CRE 803(7) provides that evidence that a matter is not included in the memorandum reports, records, or data compilations in any form, to prove the non-occurrence or non-existence of the matter, is admissible if consistent with CRE 803(6), unless the sources of information or other circumstances indicate lack of trustworthiness.

■ Here, a witness who was an officer of the company at issue testified that the correspondence, memoranda, and computer printouts were produced in the course of the business as a means of keeping track in detail of transactions because of the large volume of merchandise that was sold. He further stated that they were produced by persons who necessarily had knowledge of, or had obtained the information from persons who had knowledge of, the activities recorded. This foundation testimony is buttressed by the need of a business to impose on the employees the duty to report accurately on a regular basis information about the business activity. *See Great West Packers, Inc. v. Longmont Food Co.*, 636 P.2d 1331 (Colo.App.1981).

Because the trial court found that these records were kept in the regular course of business, as a regular practice of that business, and because there was neither evidence nor a finding of untrustworthiness, the admission of the evidence was not error.

■ Any incompleteness of the business entries, the business records, or the summaries or compilations thereof, goes to the weight of the evidence, and not to its admissibility. *See United States v. Baxter*, 492 F.2d 150 (9th Cir.1973).

The judgment is affirmed.

PIERCE and BERMAN, JJ., concur.